UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF PATRICK J. CONELY,
DECEASED,

           Plaintiff,

v.

           Case No.: 2:25-CV-12667
           Hon. Gershwin A. Drain

US BANK TRUST COMPANY,
NATIONAL ASSOCIATION,

           Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF No. 6] AND DISMISSING CASE

Plaintiff, the Estate of Patrick J. Conely, Deceased, owned property (the "Property") in Livingston County, Michigan. The Property had a mortgage on it. The mortgage went into foreclosure, and on October 2, 2024, the Sheriff of Livingston County sold the Property at a Sheriff's sale. Plaintiff alleges that this foreclosure was conducted without proper notice. Therefore, Plaintiff asks the Court to set aside the Sheriff's sale and to enjoin Defendant US Bank—the purchaser of the Property— from taking action with regard to the Property.

Defendant filed a motion to dismiss the action, which is presently before the Court. Plaintiff did not respond to the motion. The Court concludes that a hearing

1

will not aid in the disposition of this motion and will determine the outcome on the briefs. For the following reasons, Defendant's Motion to Dismiss [ECF No. 6] is **GRANTED,** and this case is **DISMISSED.**

## I. BACKGROUND

Patrick J. Conely, the decedent, owned the Property at issue in this case until he passed away on August 1, 2023. ECF No. 1-1, PageID.13. Nearly two decades earlier, in 2005, Conely took out a mortgage on the Property in the amount of $464,000. *Id.* at PageID.14. The mortgagee was Mortgage Electronic Registration Systems, Inc., as nominee for the lender, Defendant US Bank. *Id.* After Conely passed away in 2023, his Estate ceased making mortgage payments on the Property, and Defendant initiated foreclosure by advertisement pursuant to the power of sale clause in the mortgage. *Id.*

Defendant published notice of the foreclosure in Fowlerville News & Views for four weeks, from September 1, 2024 to September 22, 2024, as required by statute. *Id.* Allegedly, Livingston County Deputy Sheriff Justin Covert also posted notice of the foreclosure in a conspicuous place on the Property on September 4, 2024. *Id.* However, Conely's son—the personal representative of Conely's Estate—had installed motion activated cameras on the Property, and he claims that there is no footage that Deputy Covert ever went to the Property on that date. *Id.* Conely's son also claims that he went to the Property frequently and never observed any

2

notices posted on the Property. *Id.* Accordingly, Plaintiff alleges that Deputy Covert never actually posted notice of foreclosure as required by statute. *Id.* at PageID.14–15. Nevertheless, the Sheriff's sale of the Property occurred on October 2, 2024 for a purchase price of $264,685.58. *Id.* at PageID.15. Defendant purchased the home at the Sheriff's sale. ECF No. 6, PageID.45. Plaintiff's redemption period on the property was a year, or in other words, until October 2, 2025. ECF No. 1-1, PageID.15.

On May 8, 2025, Plaintiff filed suit in the Livingston County Circuit Court, requesting the circuit judge to enjoin Defendant from taking any action with respect to the Property and to set aside the Sheriff's sale. ECF No. 1-1, PageID.17. Defendant was served on July 26, 2025, and timely removed to this Court on August 25, 2025, asserting diversity jurisdiction. ECF No. 1. In lieu of filing an answer, Defendant filed the instant motion to dismiss, to which Plaintiff failed to respond. ECF No. 6.

Defendant makes two arguments in support of its motion to dismiss. First, Defendant argues that under Michigan law, Plaintiff lacks standing to bring this suit because he failed to redeem the Property within the statutory redemption period. *Id.* at PageID.47.[1] Second, Defendant argues that Plaintiff has failed to state a claim

---

[1] Defendant filed the motion on October 1, 2025. Plaintiff's statutory redemption period ended the following day, on October 2, 2025. In the motion, Defendant asserts that Plaintiff gave Defendant no indication of an intention to redeem the property,

3

because his complaint fails to allege facts that indicate Plaintiff was prejudiced in any way. *Id.* at PageID.48.

## II.   LAW & ANALYSIS

A motion to dismiss for failure to state a claim is brought under Federal Rule of Civil Procedure 12(b)(6) and tests the sufficiency of the pleadings by asking whether the complaint states a claim upon which relief may be granted. *See Bassett v. Nat'l College Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff's complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While this standard does not require "detailed factual allegations," a plaintiff's pleadings must raise "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the factual allegations must "raise a right to relief above the speculative level," *id.*, and must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a motion to dismiss under Rule 12(b)(6), a court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true,

---

so by the time the Court adjudicates this motion to dismiss, the redemption period will have lapsed without redemption. ECF No. 6, PageID.47.

and draw[s] all reasonable inferences in favor of the plaintiff." *Bassett*, 528 F.3d at 430 (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). While a court "primarily considers the allegations in the complaint" when conducting this analysis, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

### A. Plaintiff Failed to State a Claim for Setting Aside the Foreclosure Because He Failed to Plead Prejudice

Plaintiff has failed to state a claim sufficient to set aside the foreclosure in this case because Plaintiff has not adequately pleaded that it was prejudiced by the alleged defect in the notice of foreclosure. Because the Court concludes that Plaintiff has failed to state a claim, the Court need not address Defendant's argument that Plaintiff lacks standing. *See Diem v. Sallie Mae Home Loans, Inc.*, 859 N.W.2d 238, 244 n.5 (Mich. Ct. App. 2014).[2]

---

[2] Defendant argued that Plaintiff lacked standing because the redemption period expired and Plaintiff did not redeem the property. Because a mortgagor's interests in foreclosed property expire upon the close of the redemption period, *see* Mich. Comp. Laws § 600.3236, Michigan courts hold that the mortgagor lacks standing to challenge a foreclosure sale once the redemption period ends. *See Bryan v. JPMorgan Chase Bank*, 848 N.W.2d 482, 485 (Mich. Ct. App. 2014). Notably, however, some cases also suggest that "an equitable extension of [] standing" may be allowed—even after the redemption period has ended—where there was fraud or irregularity in the foreclosure sale. *See Craigie v. Dykstra*, Nos. 328824, 328980, 2016 WL 3452281, at *2 (Mich. Ct. App. June 23, 2016); *see also Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013); *Jewell v. Option One*

To set aside a foreclosure sale, the plaintiff must show "a strong case of fraud or irregularity[.]" *Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 659 (Mich. Ct. App. 2007) (citation omitted). The fraud or irregularity "must relate to the foreclosure process itself." *Craigie*, 2016 WL 3452281, at *3 (citing *Freeman v. Wozniak*, 617 N.W.2d 46, 48–49 (Mich. Ct. App. 2000)). And it must prejudice the plaintiff such that the plaintiff "would have been in a better position to preserve their interest in the property" absent the fraud or irregularity. *Kim v. JP Morgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012). In other words, a mortgagor seeking to set aside a foreclosure by advertisement must allege "three essential elements": (1) fraud or irregularity in the foreclosure procedure, (2) prejudice to the mortgagor, and (3) a causal relationship between the alleged fraud or irregularity and the alleged prejudice. *Diem*, 859 N.W.2d at 242 (citing *Kim*, 825 N.W.2d at 337).

As an initial matter, Plaintiff claims that the lack of posted notice on the property constitutes an "irregularity" in the foreclosure process. ECF No. 1-1, PageID.16. Under the statutory scheme, posting such a notice unquestionably is a part of the process for foreclosure by advertisement, *see* Mich. Comp. Laws § 600.3208, and the Michigan Court of Appeals has held that defects in notice are a

---

*Mortg. Corp.*, No. 13-10186, 2013 WL 1962764, at *1 (E.D. Mich. May 10, 2013). Regardless, Plaintiff failed to state a claim in this case, so the standing issue need not be addressed.

sufficient irregularity to render a foreclosure sale voidable. *Jackson Inv. Corp. v. Pittsfield Prods., Inc.*, 413 N.W.2d 99, 101 (Mich. Ct. App. 1987).

Next, Plaintiff claims that "Plaintiff has been prejudiced" by this alleged defect in notice. ECF No. 1-1, PageID.16. That is the only allegation Plaintiff makes about prejudice. But this allegation is conclusory and fails to establish "a causal connection between the alleged… irregularity in the foreclosure procedure and any ability [the Estate] might have had to preserve [its] property interest." *Diem*, 859 N.W.2d at 243. Courts look at a variety of factors to discern whether a plaintiff was prejudiced by a defect in the foreclosure procedure, such as whether the plaintiff was misled into believing no sale would occur, whether the plaintiff acted promptly after becoming aware of the facts on which it based its complaint, whether the plaintiff made any effort to redeem the property, and whether the plaintiff was represented by counsel throughout the foreclosure process. *Id.* (citing *Kim*, 825 N.W.2d at 340 (Markman, J., concurring)). Here, however, Plaintiff has pleaded nothing of the sort to allow this Court to discern whether prejudice occurred. Indeed, it is entirely unclear whether Plaintiff was ready, willing, and able to outbid Defendant in the foreclosure sale or to otherwise pay the moneys necessary to redeem the property.

In sum, Plaintiff does not state a claim sufficient to set aside the foreclosure. Under Rule 12(b)(6), the Court cannot rely on Plaintiff's conclusory allegation to establish prejudice here. Therefore, Plaintiff's complaint must be dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [ECF No. 6] is **GRANTED.** This case is **HEREBY DISMISSED.**

**IT IS SO ORDERED.**

Dated:  October 29, 2025             /s/Gershwin A. Drain
                                      GERSHWIN A. DRAIN
                                      United States District Judge